**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. <u>1:25-cv-3564-JLK-CYS</u>

CAPSTONE STUDIOS. CORP.,

      Plaintiff,

v.

DOES 1-7,

      Defendants.

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE
AMICUS BRIEF [Doc. #15]**

---

Plaintiff Capstone Studios Corp. ("Plaintiff") opposes the second motion of Charles Muszynski ("Muszynski") for leave to submit an amicus brief replete with unsupported false salacious allegations. *See* Doc.#15. This Court denied Muszynski's first motion to file basically the same proposed amicus brief. *See* Doc.#14. The Court should deny Muszynski's second motion as well because he has not shown why he did not have an opportunity to raise these arguments in his first motion. As this Court noted, his *pro se* status is no excuse. *See id.* ("This rule applies to Mr. Muszynski even though he appears pro se.") And Muszynski cannot avoid the requirements of a motion for reconsideration by improperly labeling a motion that the Court already ruled on as an amended motion.

Even viewing Muszynski's second motion as a motion for reconsideration, again he fails to satisfy the FRAP 29 factors Courts consider. *See California Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020). Muszynski argues "unidentified Doe defendants are not in a position to provide the necessary context regarding the technical

1

20-040F

unreliability of IP address identification or the history and mechanics of the specific high-volume litigation model currently before the Court." Mot at ECF2. Untrue. If a Doe subscriber is named a subscriber, the subscriber will have an opportunity to challenge the evidence through discovery and introduce her/his own expert. Muszynski fails to set forth how his amicus brief does something these subscribers cannot do. And Muszynski fails to even establish his own expertise in the reliability of IP address identification or include citations to technical publications supporting his point. Notably, in Muszynski's own copyright case, he failed to challenge the reliability of IP address identification and chose to default after the Southern District of Florida called him out for making inconsistent statements. *See* Doc.#10 at 2, Doc.#10-1 at ¶10, Doc. #10-4 at 8.

Muszynski's other arguments consist of nothing more than false attacks on Plaintiff's counsel consistent with his pattern of harassing individuals that oppose him. *See In re Waddell*, No. 24-11769 (JLG), 2025 LX 324843, at *20 (Bankr. S.D.N.Y. Mar. 28, 2025) (Cout notes that "…Movant [Muszynski] plainly seeks to harass the Trustee, the Debtor, and Debtor's counsel"). Not surprisingly, Muszynski fails to include a declaration swearing under penalty of perjury to the truth of his ridiculous assertions.

For the foregoing reasons, Plaintiff requests that this Court deny Muszynski's second motion for leave to submit an amicus brief and grant it any such relief justice dictates.

DATED: Kailua-Kona, Hawaii, Jan. 20, 2026.

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047

20-040F

Facsimile:     (202) 204-5181
E-Mail:         kculpepper@culpepperip.com
Attorney for Plaintiff Capstone Studios, Corp.


<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on <u>Jan. 20, 2026</u> and by the methods of

service noted below, a true and correct copy of the foregoing was served via AIRMAIL to

CHARLES MUSZYNSKI at the following address:

Charles Muszynski
P.O. Box 1423
Basseterre
St. Kitts and Nevis, West Indies


<u>/s/ Kerry S. Culpepper</u>
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:     (202) 204-5181
E-Mail:         kculpepper@culpepperip.com
Attorney for Plaintiff

3

20-040F