IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03564-JLK-CYC

CAPSTONE STUDIOS CORP.,

    Plaintiff,

v.

DOES 1-7,

    Defendants.

---

## MINUTE ORDER

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on January 23, 2026.**

    For good cause shown, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Leave to Take Limited Expedited Discovery of Information Prior to Rule 26(f) Conference, filed November 6, 2025, ECF No. 5, as follows.

    Plaintiff's Motion alleges that the Doe Defendants, identified only by their internet protocol ("IP") addresses, have infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected media. Plaintiff requests permission from the Court to serve limited, immediate discovery on Defendants' Internet Service Provider ("ISP") prior to the Rule 26(f) conference. The purpose of this discovery is to obtain additional information concerning Defendants' identities.

    Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral, but this prohibition is not absolute. Courts may authorize discovery upon a showing of good cause. *See Malibu Media, LLC v. John Does 1-27*, No. 12-cv-00406-REB-KMT, 2012 WL 629111, at *1 (D. Colo. Feb. 27, 2012) (collecting cases). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011).

    The Court finds good cause for some limited expedited discovery. But the Complaint employs "swarm joinder" in its inclusion of seven separate defendants, each of whom allegedly downloaded the work in question at different dates and times. ECF No. 1-1. And "a growing number of district courts have recently held that swarm joinder is not appropriate," *PHE, Inc. v. Does 1-105*, No. 12-cv-03342-WJM-KLM, 2013 WL 66506, at *2 (D. Colo. Jan. 4, 2013), as well as the D.C. Circuit. *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014). These courts sever all but the first named defendant, *see LHF Prods, Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1112 (D. Nev. 2017), which here is the defendant identified by IP address 98.43.70.250. ECF No. 1-1 at 1.

2

      The Court therefore finds it appropriate to grant Plaintiff's motion only as to that defendant ("Defendant 1"). Therefore, Plaintiff's Motion is granted as follows. Plaintiff may serve a third-party subpoena pursuant to Fed. R. Civ. P. 45 on the ISP with the limited purpose of ascertaining the identity of Defendant 1. The subpoena shall be limited to providing Plaintiff with the name and address of the subscriber (Defendant 1) to whom the ISP has assigned an IP address. With the subpoena, Plaintiff shall also serve a copy of this Order. The ISP shall notify the subscriber that his/her identity has been subpoenaed by Plaintiff. Finally, the Court emphasizes that Plaintiff may use the information disclosed in response to the subpoena only for the purpose of protecting and enforcing its rights as set forth in its Complaint, ECF No. 1. The Court cautions Plaintiff that improper use of this information may result in sanctions. The motion is otherwise denied.